# JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | **07 CV 5442** |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE AND ANNUITY CORPORATION, NYLIFE INSURANCE COMPANY OF ARIZONA, NYLIFE SECURITIES LLC ; M&T BANK CORPORATION; MANUFACTURERS AND TRADERS TRUST COMPANY; M&T BANK, N.A.; THE HARTFORD FINANCIAL SERVICES GROUP, INC.; HARTFORD LIFE, INC.; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; HARTFORD LIFE INSURANCE COMPANY; HARTFORD FIRE INSURANCE COMPANY; HARTFORD CASUALTY INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD UNDERWRITERS INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF ILLINOIS, THE HARTFORD MUTUAL FUNDS, INC. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") states as follows for its complaint against New York Life Insurance Company, New York Life Insurance and Annuity Corporation, NYLIFE Insurance Company of Arizona, NYLIFE Securities LLC, M&T Bank Corporation, Manufacturers

---

COMPLAINT FOR PATENT INFRINGEMENT

and Traders Trust Company, M&T Bank, N.A., The Hartford Financial Services Group, Inc., Hartford Life, Inc., Hartford Life and Accident Insurance Company, Hartford Life Insurance Company, Hartford Fire Insurance Company, Hartford Casualty Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Hartford Insurance Company of Illinois, and The Hartford Mutual Funds, Inc.:

## THE PARTIES

1.     Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.     On information and belief, Defendant New York Life Insurance Company is a mutual insurance company with its principal place of business at 51 Madison Avenue, New York, New York 10010.

3.     On information and belief, Defendant New York Life Insurance and Annuity Corporation is (a) a Delaware corporation with its principal place of business at 51 Madison Avenue, New York, New York 10010, and (b) a subsidiary of New York Life Insurance Company.

4.     On information and belief, Defendant NYLIFE Insurance Company of Arizona (a) has its principal place of business at 1 Rockwood Road, Sleepy Hollow, New York 10591, and (b) is a subsidiary of New York Life Insurance Company.

5.     On information and belief, Defendant NYLIFE Securities LLC is (a) Delaware limited liability company with its principal place of business at 335 Madison Avenue, Suite 200, New York, New York 10017, and (b) a subsidiary of New York Life Insurance Company.

6.     On information and belief, Defendant M&T Bank Corporation is a New York corporation with its principal place of business at One M&T Plaza, Buffalo, New York 14203.

**COMPLAINT FOR PATENT INFRINGEMENT**

7.    On information and belief, Defendant Manufacturers and Traders Trust Company is (a) a New York-chartered bank with its principal place of business at One M&T Plaza, Buffalo, New York 14203, and (b) a subsidiary of M&T Bank Corporation.

8.    On information and belief, Defendant M&T Bank, National Association is (a) a national bank with its principal place of business at One M&T Plaza, Buffalo, New York 14203, and (b) a subsidiary of M&T Bank Corporation.

9.    On information and belief, Defendant The Hartford Financial Services Group, Inc. is a Delaware corporation with its principal place of business at One Hartford Plaza, 690 Asylum Avenue, Hartford, Connecticut 06115-1900.

10.   On information and belief, Defendant Hartford Life, Inc. is a Delaware corporation with its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut 06089.

11.   On information and belief, Defendant Hartford Life and Accident Insurance Company is a Connecticut corporation with its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut 06089.

12.   On information and belief, Defendant Hartford Life Insurance Company is a Connecticut corporation with its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut 06089.

13.   On information and belief, Defendant Hartford Fire Insurance Company is a Connecticut corporation with its main administrative office at Hartford Plaza, Hartford, Connecticut 06115.

14.   On information and belief, Defendant Hartford Casualty Insurance Company is an Indiana corporation with its main administrative office at Hartford Plaza, Hartford, Connecticut 06115.

15.   On information and belief, Defendant Hartford Accident and Indemnity Company is a Connecticut corporation with its main administrative office at Hartford Plaza, Hartford, Connecticut 06115.

16.     On information and belief, Defendant Hartford Underwriters Insurance Company is a Connecticut corporation with its main administrative office at Hartford Plaza, Hartford, Connecticut 06115.

17.     On information and belief, Defendant Hartford Insurance Company of Illinois is an Illinois corporation with its main administrative office at Hartford Plaza, Hartford, Connecticut 06115.

18.     On information and belief, Defendant The Hartford Mutual Funds, Inc. is a Maryland corporation with its principal place of business at PO Box 9140, Minneapolis, Minnesota 55480-9140.

## JURISDICTION AND VENUE

19.     This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq*.  This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

20.     Defendants New York Life Insurance Company, New York Life Insurance and Annuity Corporation, NYLIFE Insurance Company of Arizona and NYLIFE Securities LLC (collectively New York Life Defendants) are subject to this Court's personal jurisdiction because, on information and belief, (1) they are entities regulated by the New York Department of Insurance with their principal places of business in this district, (2) they do substantial business in this district, (3) they operate infringing automated call processing systems that are available to their customers, including customers in this district, and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

21.     Defendants M&T Bank Corporation, Manufacturers and Traders Trust Company, M&T Bank, N.A. (collectively "M&T Bank Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they have branches or offices in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems that are available to their customers,

including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

22.    The Hartford Financial Services Group, Inc., Hartford Life, Inc., Hartford Life and Accident Insurance Company, Hartford Life Insurance Company, Hartford Fire Insurance Company, Hartford Casualty Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Hartford Insurance Company of Illinois, and The Hartford Mutual Funds, Inc. (collectively "Hartford Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are entities regulated by the New York Department of Insurance, (2) they do substantial business in this district, (3) they operate infringing automated call processing systems that are available to their customers, including customers in this district, and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

23.    Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are organized, reside and/or engage in significant business activities in this district as set forth in Paragraphs 20-22 above.

## BACKGROUND

24.    Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

25.    In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used

and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

26.     Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

27.     Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

28.     The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

29.     In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

30.     Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

31.     Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

32.    Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992.  American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business.  The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

33.    In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

34.    The marketplace has clearly recognized the value of Mr. Katz's inventions.  Indeed, over one hundred fifty companies have licensed the patents-in-suit.  Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network.  These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

35.    Each of the defendants employs the inventions of certain of the patents-in-suit.  Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

36.    On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public

Communication Facility." The '968 Patent expired on December 20, 2005. Attached hereto as Exhibit 1 is a true copy of the '968 patent.

37.    On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005. Attached hereto as Exhibit 2 is a true copy of the '150 patent.

38.    On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." Attached hereto as Exhibit 3 is a true copy of the '984 patent.

39.    On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." Attached hereto as Exhibit 4 is a true copy of the '252 patent.

40.    On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 (the "'309 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '309 Patent expired on December 20, 2005. Attached hereto as Exhibit 5 is a true copy of the '309 patent.

41.    On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005. Attached hereto as Exhibit 6 is a true copy of the '285 patent.

42.    On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 (the "'707 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The

**COMPLAINT FOR PATENT INFRINGEMENT**

'707 Patent expired on December 20, 2005. Attached hereto as Exhibit 7 is a true copy of the '707 patent.

43.     On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005. Attached hereto as Exhibit 8 is a true copy of the '863 patent.

44.     On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 (the "'156 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '156 Patent expired on December 20, 2005. Attached hereto as Exhibit 9 is a true copy of the '156 patent.

45.     On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005. Attached hereto as Exhibit 10 is a true copy of the '551 patent.

46.     On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." Attached hereto as Exhibit 11 is a true copy of the '734 patent.

47.     On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005. Attached hereto as Exhibit 12 is a true copy of the '762 patent.

48.     On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz

for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005. Attached hereto as Exhibit 13 is a true copy of the '893 patent.

49.     On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." Attached hereto as Exhibit 14 is a true copy of the '120 patent.

50.     On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005. Attached hereto as Exhibit 15 is a true copy of the '021 patent.

51.     On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005. Attached hereto as Exhibit 16 is a true copy of the '065 patent.

52.     On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005. Attached hereto as Exhibit 17 is a true copy of the '965 patent.

53.     On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005. Attached hereto as Exhibit 18 is a true copy of the '134 patent.

54.    On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005. Attached hereto as Exhibit 19 is a true copy of the '703 patent.

55.    On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005. Attached hereto as Exhibit 20 is a true copy of the '223 patent.

56.    On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005. Attached hereto as Exhibit 21 is a true copy of the '360 patent.

## FIRST CLAIM
### (Patent Infringement by the New York Life Defendants)

57.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-56 of this Complaint as if fully set forth herein.

58.    The New York Life Defendants provide insurance, annuity and other financial products and services throughout the United States.

59.    On information and belief, the New York Life Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the New York Life Defendants allow their customers to access information about their policies; make credit card or automatic checking withdrawal payments; order forms, account statements, or duplicate contracts; establish or change their personal identification numbers; perform

**COMPLAINT FOR PATENT INFRINGEMENT**

transfers between variable funds; access current stock and mutual fund quotes; place buy and sell orders for securities; and perform various other functions.

60.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '134, '150, '156, '223, '252, '285, '309, '360, '551, '707, '734, '762, '863, '893, '965 and '968 Patents.

61.    On information and belief, in their automated customer service operations described in Paragraph 59 (collectively, the "Accused New York Life Services"), the New York Life Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of the patents identified in Paragraph 60 of this Complaint by making, using, offering to sell, or selling the Accused New York Life Services.

62.    On information and belief, the New York Life Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252 and '734 Patents by making, using, offering to sell, or selling the Accused New York Life Services.

63.    The New York Life Defendants' infringement of the patents identified in Paragraph 60 of this Complaint has been and is willful.

64.    The New York Life Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (Patent Infringement by the M&T Bank Defendants)

65.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-56 of this Complaint as if fully set forth herein.

66.    The M&T Bank Defendants provide banking and financial products and services in New York and other states.

67.    On information and belief, the M&T Defendants use infringing call processing systems to offer automated banking and mortgage services to their customers. Using an automated system, in some instances in connection with operators, the M&T Defendants allow their customers to access information about their accounts, transfer funds between accounts, issue stop payments on checks, order a copy of a statement or of a check, change a personal identification number, access information about a line of credit, and perform various other functions.

68.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150,  '223, '252, '285, '360, '551,'707, '734, '863, '893, '965, '968 and '984 Patents.

69.    On information and belief, in their automated customer service operations described in Paragraph 67 (collectively, the "Accused M&T Bank Services"), the M&T Bank Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of the patents identified in Paragraph 68 of this Complaint by making, using, offering to sell, or selling the Accused M&T Bank Services.

70.    On information and belief, the M&T Bank Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734 and '984 Patents by making, using, offering to sell, or selling the Accused M&T Bank Services.

71.    The M&T Bank Defendants' infringement of the patents identified in Paragraph 68 of this Complaint has been and is willful.

72.    The M&T Bank Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## THIRD CLAIM
### (Patent Infringement by Hartford Defendants)

73.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-56 of this Complaint as if fully set forth herein.

74.    The Hartford Defendants provide insurance and financial products and services throughout the United States.

75.    On information and belief, the Hartford Defendants use infringing call processing systems to offer automated customer service to their customers.  Using an automated system, in some instances in connection with operators, the Hartford Defendants allow their customers to access information about their policies, accounts, insurance claims and portfolios; make a payment on an account; report an automobile accident or damage to their car, home or property; purchase a new policy; receive a quote for a new policy; receive information on funds; order sales literature and tax forms regarding funds; change their personal identification numbers; exchange, redeem or purchase funds; and perform various other functions.

76.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '309, '360, '551, '703, '707, '734, '762, '863, '893, '965, '968 and '984 Patents.

77.    On information and belief, in their automated customer service operations described in Paragraph 75 (collectively, the "Accused Hartford Services"), the Hartford Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 76 of this Complaint by making, using, offering to sell, or selling the Accused Hartford Services.

78.    On information and belief, the Hartford Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734 and '984 Patents by making, using, offering to sell, or selling the Accused Hartford Services.

- 14 -

**COMPLAINT FOR PATENT INFRINGEMENT**

79.    The Hartford Defendants' infringement of the patents identified in Paragraph 76 of this Complaint has been and is willful.

80.    The Hartford Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

81.    Adjudge that the New York Life Defendants have been and are infringing one or more claims of the patents identified in Paragraph 60 of this Complaint by offering the Accused New York Life Services;

82.    Adjudge that the New York Life Defendants' infringement has been and is willful;

83.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the New York Life Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252 and '734 Patents;

84.    Order an accounting for damages resulting from the New York Life Defendants' infringement of the patents identified in Paragraph  60 of this Complaint;

85.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the New York Life Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

86.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the New York Life Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the New York Life Defendants;

87.    Adjudge that the M&T Bank Defendants have been and are infringing one or more claims of the patents identified in Paragraph 68 of this Complaint by offering the Accused M&T Bank Services;

88.    Adjudge that the M&T Bank Defendants' infringement has been and is willful;

89.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the M&T Bank Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734 and '984 Patents;

90.    Order an accounting for damages resulting from the M&T Bank Defendants' infringement of the patents identified in Paragraph 68 of this Complaint;

91.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the M&T Bank Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

92.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the M&T Bank Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the M&T Bank Defendants;

93.    Adjudge that the Hartford Defendants have been and are infringing one or more claims of the patents identified in Paragraph 76 of this Complaint by offering the Accused Hartford Services;

94.    Adjudge that the Hartford Defendants' infringement has been and is willful;

95.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Hartford Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734 and '984 Patents;

**COMPLAINT FOR PATENT INFRINGEMENT**

96.    Order an accounting for damages resulting from the Hartford Defendants' infringement of the patents identified in Paragraph 76 of this Complaint;

97.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Hartford Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

98.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the Hartford Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Hartford Defendants;

99.    Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

100.    Award such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. R. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: June 7, 2007            HELLER EHRMAN LLP

By _____
W. Edward Bailey
Heller Ehrman LLP
7 Times Sq.
New York, NY 10036

Dale Rice
Heller Ehrman LLP
333 Bush Street
San Francisco, California 94104
Attorneys for Plaintiff RONALD A. KATZ
TECHNOLOGY LICENSING, L.P.

- 17 -

**COMPLAINT FOR PATENT INFRINGEMENT**